NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERTO SOLORIO; et al.,

　　　　　　　Plaintiffs-Appellants,

　v.

CLOVIS UNIFIED SCHOOL DISTRICT,

　　　　　　　Defendant-Appellee.

No.　17-16625

D.C. No.
1:16-cv-01319-LJO-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before:　M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

　　　J.S., by and through her parents Alberto and Alicia Solorio, appeals the

district court's affirmance of an Administrative Law Judge (ALJ) decision finding

that, under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.

§§ 1400 *et seq.*, Clovis Unified School District's 2016 individualized education

program (IEP) was a free appropriate public education (FAPE) in the least-

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

restrictive environment (LRE).  We affirm.

1.    The district court did not err in giving due weight to the ALJ's decision, which was careful, thorough, well-reasoned, sensitive to the complexity of the relevant legal issues, and thus entitled substantial weight.  *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1476 (9th Cir. 1993).  With respect to the persuasiveness of Patricia McVay's testimony, the ALJ was in the best position to determine the credibility of the relevant witnesses, *see Amanda J. ex rel. Annette J. v. Clark Cty. Sch. Dist.*, 267 F.3d 877, 889 (9th Cir. 2001), and he offered sound reasons for finding McVay's testimony to be unpersuasive.

2.    There is sufficient evidence to support the determination that Clovis's proposed IEP constitutes a FAPE in the LRE.  In balancing the relevant *Rachel H.*[1] factors, the ALJ found that the factors concerning educational and non-academic benefits weighed in favor of a conclusion that the proposed IEP was a FAPE in the LRE, and that those factors outweighed the disruptiveness and cost factors.  The district court agreed.  Those findings were permissible under our case law, *see, e.g.*, *Baquerizo v. Garden Grove Unified Sch. Dist.*, 826 F.3d 1179, 1188 (9th Cir. 2016), and we will not disturb them, *see Van Duyn ex rel. Van Duyn v. Baker Sch. Dist.*, 502 F.3d 811, 817 (9th Cir. 2007).

**AFFIRMED.**

---

[1]    *Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H. ex rel. Holland*, 14 F.3d 1398, 1403 (9th Cir. 1994).

2